UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ALEXANDRIA N. DODGE,

        Defendants.

Case No. 21-cr-20184

Hon. Shalina D. Kumar

_____

# MOTION TO SEAL DEFENDANT'S SENTENCING MEMORANDUM

NOW COMES Defendant, ALEXANDRIA N. DODGE , by and through her attorney, Kimberly W. Stout, and respectfully requests that Defendant's Sentencing Memorandum be sealed by authority of LCrR 5.3(b) for the reason its sensitive nature outweighs the public's right to know as more fully set forth in the Brief in Support of this Motion to Seal.

                                           Respectfully submitted,

                                           /s/Kimberly W. Stout____
                                           Kimberly W. Stout (P38588)
                                           Attorney for Defendant
                                           370 E. Maple Road, 3rd Floor
                                           Birmingham, MI  48009

Dated:  Oct. 4, 2022                 (248) 258-3181

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ALEXANDRIA N. DODGE,

    Defendants.

Case No. 21-cr-20184

Hon. Shalina D. Kumar

# BRIEF IN SUPPORT OF MOTION TO SEAL EXHIBIT A OF DEFENDANT'S SENTENCING MEMORANDUM

# **TABLE OF CONTENTS**

TABLE OF CONTENTS…………………………………………………………..ii

INDEX OF AUTHORITIES………………………………………..…..............iii

QUESTION OF ISSUE PRESENTED………………………………...………….iv

ARGUMENT…………………….…….……………………………......………1

## **QUESTON OF ISSUE PRESENTED**

WHETHER THIS HONORABLE COURT SHOULD SEAL DEFENDANT'S SENTENCING MEMORANDUM DUE TO THE FACT THAT ITS SENSITIVE AND PRIVATE NATURE OUTWEIGHS THE PUBLIC'S RIGHT TO KNOW?

Defendant says: "Yes"

# **TABLE OF AUTHORITIES**

*Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978)……………………………………………………....….1

*SEC v. Van Waeyenberghe,* 990 F.2d 845, 848 (5th Cir. 1993)…………………..1

## **ARGUMENT**

Defendant Dodge intends upon filing a Sentencing Memorandum containing sensitive information relative to her mental health and other topics.

Courts have recognized the public's right to inspect judicial documents, but also have recognized that it is not absolute. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978). To determine whether a document should be sealed, a court must "balance the public's common law right to access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe,* 990 F.2d 845, 848 (5th Cir. 1993). This decision is left to the sound discretion of the trial court. *Nixon,* 435 U.S. at 599.

The Sentencing Memorandum and the details of it are not necessary for public understanding of the issues Ms. Dodge has, or her statement in this case. Rather, the details are relevant only to the parties, the Bureau of Prisons, and the Court in determining the matter.

Defendant urges her privacy rights outweigh any need for the public to access details of Defendant's mental health. The very fact that Defendant has mental health issues is sufficient for an understanding by the public of the issue at hand.

Respectfully submitted,

/s/Kimberly W. Stout____
Kimberly W. Stout (P38588)
Attorney for Defendant
370 E. Maple Road, 3rd Floor
Birmingham, MI 48009

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ALEXANDRIA N. DODGE,

        Defendants.

Case No. 21-cr-20184

Hon. Shalina D. Kumar

_____

## **CERTIFICATE OF SERVICE**

I certify that on Oct. 4, 2022, I served the foregoing paper upon Blaine Longsworth by e-filing notification.

/s/Kimberly W. Stout____
Kimberly W. Stout (P38588)
Attorney for Defendant
370 E. Maple Road, 3rd Floor
Birmingham, MI 48009
(248) 258-3181